603 S.E.2d 410

**In the Matter of Former Beaufort Municipal Court Judge George H. O'KELLEY, Jr., Respondent.**

No. 25871.

Supreme Court of South Carolina.

Submitted Aug. 3, 2004.

Decided Sept. 13, 2004.

---

6. I would also affirm the opinion in *Matthews v. Richland County School Dist. One*, 357 S.C. 594, 594 S.E.2d 177 (Ct.App.2004).

Henry B. Richardson, Jr., Disciplinary Counsel, and Assistant Deputy Attorney General Robert E. Bogan, both of Columbia, for Office of Disciplinary Counsel.

George H. O'Kelley, Jr., of Beaufort, pro se.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of either an admonition or a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR. We accept the agreement and impose a public reprimand, the most severe sanction we are able to impose under the circumstances. The facts as set forth in the agreement are as follows.

## FACTS

Respondent was an associate municipal judge for the City of Beaufort from approximately 1996 until his resignation in October 2003. Among other things, his duties as associate judge required him to adjudicate parking tickets.

In Beaufort, the recipient of a parking ticket may either pay the fine or appear in court to contest the ticket. If the violator chooses to pay the fine, he or she may remit payment by mail, take it to City Hall, or place the ticket and payment in courtesy boxes located on certain parking meters. Police Officer John O'Neill, who is assigned parking enforcement duties in the downtown district, collects the tickets and payments from the courtesy boxes and delivers them to City Hall.

ODC is informed that violators who appear in court to contest a parking ticket are heard last and, unless they are repeat offenders, usually have the charge dismissed (i.e., reduced to a warning). This disposition is indicated by the presiding judge writing "warning" across the ticket along with his or her signature.

Police officers have no further contact with a parking ticket after it is issued. Police officers do not appear in court against violators who wish to contest parking tickets and do not know whether tickets are contested, paid, or dismissed, except that Officer O'Neill has some knowledge which tickets are paid when he retrieves tickets from the courtesy boxes.

In October 2003, while retrieving tickets from the courtesy boxes, Officer O'Neill noticed particular tickets signed by respondent had been marked "warning" and placed in a courtesy box. Officer O'Neill recognized the tickets as those he had issued two days in a row to a Volvo bearing South Carolina license 120KMP and which he knew was usually driven by respondent's wife. Officer O'Neill brought this to the attention of the City Manager, who brought it to the attention of the Chief Municipal Judge and City Attorney. An inquiry was made as to other parking tickets issued to this tag number. It was determined that fourteen additional tickets had been issued to the above-referenced vehicle. Thirteen of those fourteen tickets also had been dismissed by respondent. The fourteenth ticket had been unpaid for over three years.

An emergency session of the Beaufort City Council was convened to consider this matter. Respondent acknowledged having dismissed the above-referenced tickets. By a 3–2 vote, the City Council asked respondent to submit his resignation. Respondent resigned.

Respondent self-reported this matter to ODC. ODC made an examination of 1) parking tickets issued to other vehicles owned by respondent and 2) all parking tickets dismissed by respondent during the period of January 2001 until his resignation in October 2003. The investigation revealed:

1. Five tickets were issued to respondent's other vehicles. Four of these tickets were dismissed by respondent and one was marked "void" by the issuing officer. The voided ticket had been issued when respondent blocked-in a vehicle which had parked unlawfully in the space respondent reserves from the City. Two of the dismissed tickets were tickets issued to respondent while he was parked in his reserved space, but in a vehicle which did not have the reserved parking placard affixed to the rear view mirror. The remaining two tickets dismissed by respondent were for meter violations in the vicinity of his law office.

2. During the period from January 2001 through October 2003, fifty-five additional parking tickets were marked "warning" by respondent. Because tickets dismissed in court are marked in the same manner, it is impossible to distinguish which of these tickets were marked "warning" prior to a court appearance by the violator and which were marked "warning" as a result of a court appearance.

On May 6, 2004, respondent was interviewed about the fifty-five additional tickets and he stated the following:

1. Some of the violators were not known to respondent. Respondent assumes these are tickets where the violator appeared in court and the tickets were reduced to a warning in accordance with the customary practice apparently acceptable to the City Police.

2. Some violators were known to respondent, but he had no recollection of having dismissed the tickets outside

court and, therefore, assumes these violators appeared in court to contest the tickets.

3. Ten violators were known to respondent and respondent acknowledges he probably marked fifteen tickets issued to these violators as "warnings" outside of court. These tickets were issued to respondent's relatives, employees, and his acquaintances.

Of the seventy-six parking tickets examined by ODC, thirty-four were dismissed by respondent outside of court.

## LAW

By his misconduct, respondent has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 2B (judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment); Canon 3 (judge shall perform the duties of judicial office impartially and diligently); and Canon 3(B)(7) (judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties concerning a pending proceeding). By violating the Code of Judicial Conduct, respondent has also violated Rule 7(a)(1) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and issue a public reprimand.[1] Accordingly, respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

1. As previously noted, a public reprimand is the most severe sanction the Court can impose when a judge no longer holds judicial office. *See In re Gravely,* 321 S.C. 235, 467 S.E.2d 924 (1996).