608 S.E.2d 870

**In the Matter of Former Myrtle Beach Associate Municipal Court Judge Phillip W. HUDSON, Respondent.**

**No. 25937.**

Supreme Court of South Carolina.

Submitted Jan. 4, 2005.

Decided Feb. 7, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Assistant Deputy Attorney General Robert E. Bogan, both of Columbia, for The Office of Disciplinary Counsel.

Thomas C. Brittain, of Myrtle Beach, for respondent.

PER CURIAM:

■ In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b)(3), RJDE, Rule 502, SCACR.[1] In addition, respondent agrees not to seek or accept any judicial position in South Carolina without permission of the Court. The facts as set forth in the agreement are as follows.

## FACTS

Respondent was a part-time associate municipal court judge for the City of Myrtle Beach. In addition, respondent was a part-time instructor at Horry–Georgetown Technical College. On March 12, 2004, a Myrtle Beach Police Officer issued two traffic tickets to one of respondent's students. Traffic court for the charges was scheduled for March 23, 2004.

Respondent admits he engaged in ex parte communication with the student about the tickets. As a result of these communications, respondent marked certain court records falsely to show the disposition of one ticket as "dismiss per officer" and the other as "dismissed proof." As a further result of respondent's ex parte communications with the student, the student paid respondent $252.00 in two payments on April 1 and April 3, 2004. The student thought the payments were for traffic fines. These payments were made in cash outside the proper procedure for remitting payment of fines.

Respondent did not issue a receipt to the student, did not remit the money to the municipal court, and, instead, commingled the money with his own. Respondent represents it was his intention to remit the money to the municipal court but that he was unable to do so prior to being contacted by Disciplinary Counsel on April 7, 2004.

---

1. Respondent no longer holds judicial office. A public reprimand is the most severe sanction the Court can impose when a judge no longer holds judicial office. *See In re O'Kelley,* 361 S.C. 30, 603 S.E.2d 410 (2004); *In re Gravely,* 321 S.C. 235, 467 S.E.2d 924 (1996).

On at least five prior occasions, respondent accepted money from citizens in his official capacity without properly accounting for it. On these occasions, he converted the money to other purposes.

Respondent acknowledges he received a painting from a litigant's husband on the same day the litigant appeared in court before him; respondent suspended the litigant's $796.00 fine. Respondent represented he believed the painting was a gift to the municipal court, not to himself. The painting remained in respondent's office. ODC can neither confirm nor dispute respondent's representation.

On May 31, 2003, two defendants appeared before respondent for a bond hearing on charges of leaving the scene of an accident involving death. Respondent set a $25,000 surety bond for each defendant.

Respondent engaged in an ex parte conversation with counsel for one defendant after the hearing. As a result of the ex parte conversation, respondent changed both defendants' bonds to personal recognizance without holding another hearing or notifying the victim's family members. Respondent represents he believed the family members had been notified by the Victim's Advocate.

Respondent's term of office expired during the pendency of the disciplinary matters referenced herein. He was not reappointed.

## *LAW*

By his misconduct, respondent has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 2B (judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment); Canon 3 (judge shall perform the duties of judicial office impartially and diligently); Canon 3B(7) (judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made

to the judge outside the presence of the parties concerning a pending proceeding); Canon 3B(8) (judge shall dispose of all judicial matters promptly, efficiently, and fairly); Canon 4 (judge shall conduct extra-judicial activities as to minimize the risk of conflict with judicial obligations); and Canon 4D(5) (judge shall not accept gift where circumstances might suggest intent to influence judge). By violating the Code of Judicial Conduct, respondent has also violated Rule 7(a)(1) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

### *CONCLUSION*

We accept the Agreement for Discipline by Consent and issue a public reprimand.[2] Hereafter, respondent shall neither seek nor accept any judicial office, whether by appointment or election, in this state. *See* Rule 7(b)(7) and (8), RJDE, Rule 502, SCACR. Accordingly, respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

**2.** As previously noted, a public reprimand is the most severe sanction the Court can impose when a judge no longer holds judicial office. *In re O'Kelley*, 361 S.C. 30, 603 S.E.2d 410 (2004); *In re Gravely*, 321 S.C. 235, 467 S.E.2d 924 (1996).