613 S.E.2d 370

**In the Matter of Former Dillon County Magistrate Frank D. LEE, Respondent.**

No. 25981.

Supreme Court of South Carolina.

Submitted April 5, 2005.

Decided May 9, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Assistant Deputy Attorney General Robert E. Bogan, both of Columbia, for the Office of Disciplinary Counsel.

Douglas Jennings, Jr., of Bennettsville, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a confi-

dential admonition or public reprimand pursuant to Rule 7(b)(3) and (4), RJDE, Rule 502, SCACR. In addition, respondent agrees to neither seek nor accept any judicial position in South Carolina without permission of the Court and to neither seek nor accept Court permission without prior notice to Disciplinary Counsel.

The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent served as a magistrate in Dillon County for over forty years. On June 25, 2004, respondent engaged in inappropriate contact with a female magistrate court employee at work.

The employee reported the incident to law enforcement on the morning of the next business day, June 28, 2004. The incident became a subject of inquiry by other county officials on June 29, 2004. Respondent resigned by letter dated June 30, 2004, citing health reasons and mandatory retirement in one year as reasons for his resignation.

The incident was investigated by the State Law Enforcement Division (SLED). At the conclusion of the investigation, a warrant charging respondent with simple assault and battery was issued. On January 20, 2005, pursuant to a plea agreement, respondent pled guilty to battery and was fined $250.00 as resolution of the charge.

Respondent represents he meant no harm or offense to the employee, that he has a jovial and friendly personality, and that he is a frequent "jokester" with office personnel. Respondent represents he intended to engage in jovial activity with the employee and that he regrets his words and actions.

When questioned about this incident by SLED, other female magistrate court employees reported respondent was known to make comments of a sexual nature. The employees stated respondent sometimes made unwelcome physical contact.

Respondent represents that he did not realize the employees took exception to or were offended by what he intended to be jovial conduct and that he would not have engaged in the conduct had he known otherwise. Disciplinary Counsel does not contest this representation.

## LAW

By his misconduct, respondent agrees he has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1(A) (judge should participate in establishing, maintaining, and enforcing high standards of conduct and shall personally observe those standards so that the integrity of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); and Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary). In addition, respondent agrees he has violated Rule 7(a)(1) (it shall be ground for discipline for judge to violate Code of Judicial Conduct) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and issue a public reprimand.[1] Hereafter, respondent shall neither seek nor accept any judicial office in this state, whether by appointment or election, without permission of the Court, and he shall neither seek nor accept permission of the Court without prior notice to Disciplinary Counsel. *See* Rule 7(b)(7) and (8), RJDE, Rule 502, SCACR. Accordingly, respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

1. A public reprimand is the most severe sanction the Court can impose when a judge no longer holds judicial office. *In re O'Kelley,* 361 S.C. 30, 603 S.E.2d 410 (2004); *In re Gravely,* 321 S.C. 235, 467 S.E.2d 924 (1996).