613 S.E.2d 372

**In the Matter of Former Chesterfield County Magistrate Harold T. CONWAY, Respondent.**

**No. 25982.**

Supreme Court of South Carolina.

Submitted April 5, 2005.
Decided May 9, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Assistant Deputy Attorney General Robert E. Bogan, both of Columbia, for The Office of Disciplinary Counsel.

Harold T. Conway, of Cheraw, pro se.

PER CURIAM:

In this judicial disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, Respondent admits misconduct and consents to the imposition of a confidential admonition or public reprimand pursuant to Rule 7(b)(3) and (4), RJDE, Rule 502, SCACR. The facts as set forth in the agreement are as follows.

## FACTS

On August 20, 2003, Defendant was arrested by Pageland police for failing to use a turn signal and stealing crops. Respondent set Defendant's bond on these charges at $650.00. On or about August 21, 2003, Jane Doe paid $650.00 in cash to Respondent as bond for Defendant. Jane Doe reports she saw Respondent place the money in his pocket.

Defendant was released from jail after posting an amount equal to the fines for the charges. Defendant intended that the forfeiture of his money conclude the matter.

Defendant's charges came before another judge for trial on September 2, 2003. This judge had no paperwork concerning Jane Doe's payment of the $650.00. Defendant was tried in his absence, a bench warrant was issued, and a Non–Resident Violator Compact (NRVC) notice was sent to Respondent on the traffic offense.

After receiving the NRVC and learning that a local police officer with a bench warrant was looking for him, Defendant contacted the presiding judge who subsequently reported the matter to the Chief Magistrate. The Chief Magistrate examined Respondent's books and found no record of Defendant's bond. When questioned by the Chief Magistrate, Respondent acknowledged receiving the money but stated it was missing, that he could not find it, that he made a mistake, and that he would repay the money. The agreement represents Respondent repaid the $650.00 with funds borrowed from his mother-in-law. Respondent resigned from office on August 1, 2004.

Disciplinary Counsel examined Respondent's financial records for the months of August and September 2003 and found no record of a $650.00 deposit on or around the date Respondent received the money from Jane Doe. Respondent does not dispute that he placed the money in his pocket. Respondent informed Disciplinary Counsel that he sometimes did not complete all bond paperwork for evening bond hearings until the next day and, in accordance with this practice, surmises he may have taken the money home where it may have been commingled with personal funds on his dresser.

During Disciplinary Counsel's audit of Respondent's magisterial account, one overage was discovered. Respondent ac-

knowledges depositing his personal money into his magisterial account due to his belief that there might be a shortage in the account.

Respondent acknowledges that his failure to receipt and deposit bond money and his failure to maintain accurate financial records violates the Chief Justice's Administrative Order of November 9, 1999 governing money handling and recordkeeping by summary court judges. In addition, Respondent admits his practices violated Canons 1, 1(A), 2, 2(A), 3, 3(A), and 3(C) of the Code of Judicial Conduct and Rules 7(a)(1) and (7) of the Rules for Judicial Disciplinary Enforcement.

## LAW

By his misconduct, Respondent has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1(A) (judge should participate in establishing, maintaining, and enforcing high standards of conduct and shall personally observe those standards so that the integrity of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 3 (judge shall perform the duties of judicial office impartially and diligently); Canon 3A (judicial duties of a judge take precedence over all the judges other activities); and Canon 3C (judge shall maintain professional competence in judicial administration). In addition, Respondent has also violated Rule 7(a)(1) (it shall be ground for discipline for judge to violate Code of Judicial Conduct) and Rule 7(a)(7) (it shall be ground for discipline for judge to willfully violate a valid court order) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and issue a public reprimand.[1] Hereafter, Respondent shall nei-

---

1. A public reprimand is the most severe sanction the Court can impose when a judge no longer holds judicial office. *In re O'Kelley,* 361 S.C.

ther seek nor accept any judicial office in this state, whether by appointment or election, without permission of the Court, and he shall neither seek nor accept permission of the Court without prior notice to Disciplinary Counsel. *See* Rule 7(b)(7) and (8), RJDE, Rule 502, SCACR. Accordingly, Respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

30, 603 S.E.2d 410 (2004); *In re Gravely,* 321 S.C. 235, 467 S.E.2d 924 (1996).