618 S.E.2d 897

**In the Matter of Former Lexington County Magistrate Bruce RUTLAND, Respondent.**

**No. 26028.**

Supreme Court of South Carolina.

Submitted July 20, 2005.

Decided Aug. 15, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Deborah S. McKeown, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Bruce Rutland, pro se, of Lexington, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RJDE, Rule 502, SCACR.  In the Agreement, respondent admits misconduct and consents to the imposition of an admonition or public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR.[1]  In addition, respondent agrees to

---

1.  Respondent no longer holds judicial office.  A public reprimand is the most severe sanction the Court can impose when a judge no longer

neither seek nor accept any judicial position in South Carolina without prior consent of the Court.[2] The facts as set forth in the Agreement are as follows.

## FACTS

On March 31, 2005, the Greenville County Sheriff's Office charged respondent with loitering to engage in criminal activity, a misdemeanor offense in violation of Greenville County Ordinance CO3686. Respondent was arrested and, thereafter, released on a $2,500 personal recognizance bond. On April 13, 2005, respondent was found guilty in his absence of the offense of loitering to engage in criminal activity.

On April 1, 2005, the day following his arrest, respondent retired from his position as a Lexington County Magistrate and presently holds no judicial position. Respondent served as a Lexington County magistrate from May 1981 until his retirement on April 1, 2005. Respondent has never been cautioned or sanctioned by the Commission on Judicial Conduct or this Court.

## LAW

By his misconduct, respondent admits he has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining, and enforcing high standards of conduct and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); and Canon 4A(2) (judge shall conduct all extrajudicial activities so they do not demean the judicial office). By violating the Code of Judicial Conduct, respondent admits

holds judicial office. *See In re O'Kelley,* 361 S.C. 30, 603 S.E.2d 410 (2004); *In re Gravely,* 321 S.C. 235, 467 S.E.2d 924 (1996).

**2.** Respondent agrees to duly serve ODC with any petition seeking the Court's consent.

he has also violated Rule 7(a)(1) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and issue a public reprimand. Hereafter, respondent shall neither seek nor accept any judicial office in this state without prior consent of the Court, after due service on ODC of any petition seeking the Court's consent. Respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.