637 S.E.2d 563

**In the Matter of FORMER FLORENCE
COUNTY MAGISTRATE Rena V.C.
WHITE, Respondent.**

**No. 26221.**

Supreme Court of South Carolina.

Submitted Oct. 17, 2006.

Decided Nov. 13, 2006.

40

Henry B. Richardson, Jr., Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

David Michael Ballenger, of Florence, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RJDE, Rule 502, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR.[1] The facts as set forth in the Agreement are as follows.

## FACTS

While serving as a magistrate for Florence County, respondent obtained cocaine on several occasions from an individual to whom she is distantly related by marriage. Respondent represents she usually paid only $20 for the cocaine (indicating, according to respondent, that the amount purchased on each occasion was small). The cocaine was purchased for

---

1. Respondent no longer holds judicial office. A public reprimand is the most severe sanction the Court can impose when a judge no longer holds judicial office. *See In re O'Kelley,* 361 S.C. 30, 603 S.E.2d 410 (2004); *In re Gravely,* 321 S.C. 235, 467 S.E.2d 924 (1996).

respondent's own use; she did not share the cocaine with anyone else.

Criminal charges against the individual from whom respondent purchased the cocaine were pending during some portion of the period during which respondent purchased the cocaine. The criminal charges were either pending against the individual in Florence County Magistrate's Court or pending in other courts and related proceedings were conducted in Florence County Magistrate's Court.

In mitigation, respondent represents she consumed the cocaine in an effort to cope with a severe illness of a close family member. ODC has no factual basis to contest this representation.

Respondent acknowledges that, on multiple occasions, she used her judicial position to obtain favorable treatment for other individuals. At least one of these individuals was related to respondent.

Respondent was arrested on a charge of misconduct/malfeasance in office. The charge is pending before the Court of General Sessions for Florence County. After her arrest, respondent tendered her resignation as magistrate to the Governor. The Governor accepted respondent's resignation.

## LAW

By her misconduct, respondent admits she has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold the integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining, and enforcing high standards of conduct and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 3 (judge shall perform duties of judicial office impartially); Canon 3A (judicial duties take precedence over all of judge's other activities); Canon 3B(2) (judge shall be faithful to the law); Canon 3B(5) (judge shall perform judicial duties without bias); Canon 4 (judge shall conduct extra-judicial activities so as to minimize risk of conflict with judicial obligations); Canon 4A(1) (judge shall conduct all extra-judicial activities so that they do not cast reasonable doubt on the judge's capacity to act impartially as a judge); Canon 4A(2) (judge shall conduct

42

all extra-judicial activities so they do not demean the judicial office); Canon 4A(3) (judge shall conduct all extra-judicial activities so that they do not interfere with proper performance of judicial duties); and Canon 4D(1)(a) (judge shall not engage in financial dealings that may reasonably be perceived to exploit the judge's judicial position). Respondent also admits she has violated Rule 7(a)(1) (it shall be ground for discipline for judge to violate the Code of Judicial Conduct) and Rule 7(a)(9) (it shall be ground for discipline for judge to violate the Oath of Office) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and issue a public reprimand. Respondent shall not apply for, seek, or accept any judicial position whatsoever in this State without the prior written authorization of this Court after due service on ODC of any petition seeking the Court's authorization. Respondent is hereby reprimanded for her misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.