638 S.E.2d 49

### In the Matter of Former Williamsburg County Magistrate and Former Greeleyville Municipal Court Judge Bruster O'Neal HARVIN, Respondent.

No. 26224.

Supreme Court of South Carolina.

Submitted Oct. 17, 2006.

Decided Nov. 20, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, and Robert E. Bogan, Assistant Deputy Attorney General, both of Columbia, for Office of Disciplinary Counsel.

Bruster O'Neal Harvin, of Lane, pro se.

PER CURIAM:

■ In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RJDE, Rule 502, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR.[1] The facts as set forth in the Agreement are as follows.

### FACTS

On June 7, 2006, an out-of-state resident was cited by the Greeleyville Police Department for speeding in violation of South Carolina Code Ann. § 56-5-1520 (2006). The violator was instructed by the police officer who issued the ticket to contact respondent at a telephone number written on the bottom of the ticket. The violator subsequently contacted respondent by telephone and was informed she could pay a higher fine for a different offense that would not blemish her driver's record and that, if she chose to do so, payment should be sent to respondent's home address and made payable to him. On June 9, 2006, the violator purchased a money order payable to respondent and sent it to respondent's home address by certified mail. Respondent negotiated the money order on or about June 19, 2006.

On July 12, 2006, investigators from ODC traveled to Greeleyville with demand subpoenas for respondent, the police department, and the court clerk to obtain records related to

---

1. Respondent no longer holds judicial office. A public reprimand is the most severe sanction the Court can impose when a judge no longer holds judicial office. *See In re O'Kelley,* 361 S.C. 30, 603 S.E.2d 410 (2004); *In re Gravely,* 321 S.C. 235, 467 S.E.2d 924 (1996).

the disposition of the ticket. Investigators learned the ticket had been marked "not guilty," that there was no receipt for the payment sent by the violator, and that there was no other ticket adjudicating the violator guilty of any traffic offense alleged to have occurred on June 7, 2006.

Respondent provided a written statement to investigators in which he stated he converted money he received for more than one ticket in the month of June to his own use. He admitted he used the money from the ticket described above to pay his bills. Respondent was placed on interim suspension by the Court on the same day he gave this statement to investigators.

Later, respondent gave ODC a statement under oath pursuant to Rule 19(c)(5), RJDE, Rule 502, SCACR. Respondent stated: 1) he needed money to pay bills; 2) he took money from four tickets in June 2006, but not from any others; and 3) it was his intent to pay the money back on the next pay day, which had yet to occur when investigators visited him on July 12, 2006.

Subsequently, investigators determined respondent had engaged in similar conduct concerning at least one other ticket in a month other than June. Respondent acknowledges that the information he gave ODC in his statement under oath was not accurate.

## *LAW*

By his misconduct, respondent admits he has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold the integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining, and enforcing high standards of conduct and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); Canon 2(A) (judge shall respect and comply with the law and shall at all times act in a manner that promotes public confidence in the integrity and impartiality of judiciary); Canon 3 (judge shall perform duties of judicial office impartially); Canon 3A (judicial duties take precedence over all of judge's other activities); Canon 3B(1) (judge shall hear and decide matters assigned); Canon 3B(7) (judge shall not initiate ex parte communications); Canon 3(B)(8) (judge

shall dispose of all judicial matters fairly); Canon 3(C) (judge shall diligently discharge judge's administrative responsibilities and shall maintain professional competence in judicial administration); Canon 4 (judge shall conduct extra-judicial activities so as to minimize risk of conflict with judicial obligations); and Canon 4A(2) (judge shall conduct all extra-judicial activities so that they do not demean the judicial office). He further agrees that he violated the Chief Justice's Administrative Order of November 9, 1999 which addresses financial recordkeeping standards for magistrates. Finally, respondent admits his misconduct constitutes grounds for discipline under Rule 7(a)(1) (it shall be ground for discipline for judge to violate the Code of Judicial Conduct), Rule 7(a)(7) (it shall be ground for discipline for judge to violate valid order issued by a court of this state), and Rule 7(a)(9) (it shall be ground for discipline for judge to violate the Oath of Office) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

### CONCLUSION

We accept the Agreement for Discipline by Consent and issue a public reprimand. Respondent shall not apply for, seek, or accept any judicial position whatsoever in this State without the prior written authorization of this Court after due service on ODC of any petition seeking the Court's authorization. Respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.