650 S.E.2d 849

**In the Matter of McBEE, BETHUNE, AND LYNCHBURG MUNICIPAL COURT JUDGE Fred D. STEPHENS, Respondent.**

No. 26378.

Supreme Court of South Carolina.

Submitted Aug. 22, 2007.

Decided Sept. 10, 2007.

Lesley M. Coggiola, Disciplinary Counsel, Henry B. Richardson, Jr., Senior Disciplinary Counsel, and Robert E. Bogan, Assistant Deputy Attorney General, all of Columbia, for Office of Disciplinary Counsel.

William S. Tetterton, of Camden, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an

Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RJDE, Rule 502, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR.[1] The facts as set forth in the Agreement are as follows.

## FACTS

On June 14, 2006, while serving as a judge for the Town of McBee, respondent was indicted by the State Grand Jury of South Carolina on the charge of common law misconduct in office. The McBee Chief of Police was also indicted on the same offense. According to the indictment, respondent and the Chief of Police assisted certain persons charged with crimes in avoiding prosecution by coercing them to surrender money and property to the Town of McBee in exchange for having criminal charges against them dismissed. On June 16, 2006, the Court placed respondent on interim suspension.

On March 30, 2007, respondent pled guilty to the indicted offense and was sentenced to five (5) years imprisonment, suspended to ninety (90) days incarceration and three (3) years of probation. On June 27, 2007, respondent tendered his resignation as municipal court judge for the towns of McBee, Bethune, and Lynchburg.

## LAW

By his misconduct, respondent admits he has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold the integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining, and enforcing high standards of conduct and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and appearance of impropriety

---

1. While this matter was pending, respondent resigned as municipal court judge for the towns of McBee, Bethune, and Lynchburg. Accordingly, a public reprimand is the most severe sanction the Court can impose when a judge no longer holds judicial office. *See In re O'Kelley,* 361 S.C. 30, 603 S.E.2d 410 (2004); *In re Gravely,* 321 S.C. 235, 467 S.E.2d 924 (1996).

in all activities); Canon 2(A) (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 3 (judge shall perform duties of judicial office impartially); and Canon 3B(2) (judge shall be faithful to the law). Respondent also admits he has violated Rule 7(a)(1) (it shall be ground for discipline for judge to violate the Code of Judicial Conduct), Rule 7(a)(3) (it shall be ground for discipline for judge to be convicted of a crime of moral turpitude or a serious crime), and Rule 7(a)(9) (it shall be ground for discipline for judge to violate the Oath of Office) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and issue a public reprimand. Respondent shall neither seek nor accept any judicial position in this State without the prior written authorization of this Court after due service on ODC of any petition seeking the Court's authorization. Respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.

BEATTY, J., not participating.