658 S.E.2d 78

**In the Matter of Former Sumter County Master–in–Equity Linwood S. EVANS, Jr., Respondent.**

No. 26439.

Supreme Court of South Carolina.

Submitted Feb. 5, 2008.

Decided Feb. 25, 2008.

Lesley M. Coggiola, Disciplinary Counsel, and James G. Bogle, Jr., Senior Assistant Attorney General, both of Columbia, for Office of Disciplinary Counsel.

G. Murrell Smith, Jr., of Sumter, for respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a public reprimand.[1] The facts as set forth in the agreement are as follows.

## FACTS

Respondent served as a Master–in–Equity for Sumter County and maintained an official Master–in–Equity bank account. On or about January 14, 2000, respondent issued a check to himself from his Master–in–Equity account in the amount of $10,000.00. The check was used with other funds to purchase a cashier's check in the amount of $25,000.00, payable to Peterbilt of Mississippi, dated January 14, 2000 on behalf of respondent's friend. On or about February 8, 2000, the friend wrote a check for $10,000.00 to respondent. Respondent deposited this check into his attorney escrow IOLTA account on or about the same day. The same day, respondent

---

1. Respondent no longer holds judicial office. A public reprimand is the most severe sanction the Court can impose when a judge no longer holds judicial office. *See In re O'Kelley*, 361 S.C. 30, 603 S.E.2d 410 (2004); *In re Gravely*, 321 S.C. 235, 467 S.E.2d 924 (1996).

wrote a check from his attorney escrow account in the amount of $10,000.00 to another individual.

Respondent represents that, shortly thereafter, he returned the $10,000.00 from his escrow account to his Master–in–Equity account. ODC has verified a deposit in that amount into respondent's Master–in–Equity account. Respondent asserts the $10,000.00 came from legal fees in his escrow account. ODC is unable to confirm or dispute respondent's assertion.

Respondent admits he used his official Master–in–Equity funds for purposes other than that for which they were intended. The funds have been replaced.

On or about September 1998, respondent loaned $4,000.00 from his official Master–in–Equity account to another individual. When the individual repaid the funds with interest, respondent returned them to the Master–in–Equity account.

Later, respondent made a second loan of approximately $3,500.00 from the Master–in–Equity account to the same individual. The funds for the second loan were repaid with interest.

Thereafter, in or about January 2002, an "advance" in the amount of $3,000.00 was made to the same individual. Respondent acknowledges approximately $3,000.00 plus interest is still outstanding and owed to the Master–in–Equity account. Respondent further acknowledges that lending or advancing funds to this individual constituted the use of official Master–in–Equity funds for purposes other than that for which they were intended.

## LAW

By his misconduct, respondent has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); Canon 4(A)(2) (judge shall conduct all extra-judicial activities so they do not demean the judicial office); and Canon 4(D)(1) (judge shall not engage in financial dealings that may be reasonably perceived to exploit judges judicial position). Respondent admits his mis-

conduct constitutes grounds for discipline under the following provisions of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1)(it shall be ground for discipline for judge to violate the Code of Judicial Conduct); Rule 7(a)(4) (it shall be ground for discipline for judge to persistently perform judicial duties in an incompetent manner); and Rule 7(a)(9) (it shall be ground for discipline for judge to violate Judges Oath of Office).

## CONCLUSION

We accept the Agreement for Discipline by Consent and issue a public reprimand. Respondent shall neither seek nor accept any judicial office in this State without the express written permission of the Court after due notice in writing to ODC. Accordingly, respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.