662 S.E.2d 597

**In the Matter of Former Aiken County Magistrate and Burnettown Municipal Court Judge Charles T. CARTER, Respondent.**

**No. 26501.**

Supreme Court of South Carolina.

Submitted April 24, 2008.

Decided June 2, 2008.

dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

382

Lesley M. Coggiola, Disciplinary Counsel, and James G. Bogle, Jr., Senior Assistant Attorney General, both of Columbia, for Office of Disciplinary Counsel.

Kristina M. Anderson, of Anderson & Anderson, LLP, of Aiken, for respondent.

PER CURIAM.

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RJDE, Rule 502, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR.[1] The facts as set forth in the Agreement are as follows.

---

1. On or about June 12, 2007, respondent resigned from judicial office. Since he no longer holds judicial office, a public reprimand is the most severe sanction the Court can impose. *See In re O'Kelley*, 361 S.C. 30, 603 S.E.2d 410 (2004); *In re Gravely*, 321 S.C. 235, 467 S.E.2d 924 (1996).

## FACTS

In early January 2007, respondent was arrested and charged with two crimes: 1) "Misconduct in Office. Violation Section 8–1–0080/Common Law" and 2) receiving information in his official capacity concerning the unlawful sexual misconduct of a county employee and failing to report the information to law enforcement as required by S.C.Code Ann. § 44–23–1150(E) (Supp.2007).[2] On or about March 15, 2007, respondent was indicted on both charges in the Aiken County General Sessions Court. In particular, the first indictment for misconduct in office alleged respondent had committed acts of fraud and corruption while acting in his official capacity as a judge and that he had disregarded his duties to enforce the law of the State in violation of S.C.Code Ann. § 8–1–80 (Supp.2007). The second indictment alleged respondent had received information in his professional capacity regarding the sexual misconduct of a county employee with a South Carolina Department of Corrections inmate and then failed to report the information to the appropriate law enforcement authority in violation of S.C.Code Ann. § 44–23–1150(E) (Supp.2007).

On or about January 30, 2008, respondent entered an *Alford* plea to misconduct in office and the solicitor entered a nolle prosequi on the remaining charge. Respondent was sentenced on the same day.

Respondent admits the crime to which he pled guilty constitutes a "serious crime" as defined by Rule 2(aa), RJDE, Rule 502, SCACR, in that it adversely reflected upon his honesty, trustworthiness, and fitness to hold judicial office, and interfered with the administration of justice. Respondent further admits he engaged in inappropriate conduct with a county employee.

## LAW

By his misconduct, respondent admits he has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold the integrity of the judiciary); Canon 1A (judge should participate in establishing,

---

2. On January 10, 2007, the Court placed respondent on interim suspension.

maintaining, and enforcing high standards of conduct and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 4A(1) (judge shall conduct all extra-judicial activities so that they do not cast reasonable doubt on the judge's capacity to act impartially as a judge); Canon 4A(2) (judge shall conduct all extra-judicial activities so they do not demean the judicial office); and Canon 4A(3) (judge shall conduct all extra-judicial activities so that they do not interfere with proper performance of judicial duties). Respondent also admits his misconduct constitutes grounds for discipline pursuant to Rule 7(a)(1) (it shall be ground for discipline for judge to violate the Code of Judicial Conduct), Rule 7(a)(3) (it shall be ground for discipline for judge to be convicted of serious crime), and Rule 7(a)(9) (it shall be ground for discipline for judge to violate the Oath of Office contained in Rule 502.1, SCACR) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and issue a public reprimand. Respondent shall not seek or accept any judicial position whatsoever in this State without the express written permission of this Court after due service on ODC of any petition seeking the Court's authorization.[3] Respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.

---

**3.** As stated in the agreement, if he elects in the future to request the Court for permission to seek or accept a judicial position, respondent irrevocably consents to allow ODC to disclose to the Court any and all information contained in the on-the-record appearances made in this matter without any requirement for authenticating the testimony from the appearances. Further, respondent irrevocably waives any claim of

confidentiality for purposes of disclosure of the on-the-record appearances.