685 S.E.2d 612

**In the Matter of FORMER NEWBERRY COUNTY ASSOCIATE PROBATE JUDGE Rebecca A. ALLEN, Respondent.**

**No. 26738.**

Supreme Court of South Carolina.

Submitted Oct. 20, 2009.

Decided Nov. 9, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Paulette Edwards, of Law Office of Paulette Edwards, PA, of Columbia, for respondent.

PER CURIAM.

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RJDE, Rule 502, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR.[1] The facts as set forth in the Agreement are as follows.

## FACTS

On or between April 19, 2007, and December 21, 2007, respondent embezzled public funds while working as a Newberry County Associate Probate Judge. In mitigation, respondent submits that she took the money to pay for medical expenses and to pay deposits needed for surgery and medical testing. Further, respondent submits that, at the time she took the money, she hoped to repay the funds at a later time. When confronted by agents from the South Carolina State Law Enforcement Division (SLED), respondent confessed and accepted responsibility for her actions.

On April 28, 2008, respondent was arrested and charged with embezzlement of public funds over $1,000.00. Respon-

---

1. Respondent no longer holds judicial office. A public reprimand is the most severe sanction the Court can impose when a judge no longer holds judicial office. See In re O'Kelley, 361 S.C. 30, 603 S.E.2d 410 (2004); In re Gravely, 321 S.C. 235, 467 S.E.2d 924 (1996).

dent entered Pre–Trial Intervention (PTI) and, as a condition of PTI, made full restitution. Respondent has successfully completed PTI and her criminal record has been expunged.

## *LAW*

By her misconduct, respondent admits she has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold the integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining, and enforcing high standards of conduct and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities); and Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary). Respondent also admits she has violated Rule 7(a)(1) (it shall be ground for discipline for judge to violate the Code of Judicial Conduct) and Rule 7(a)(9) (it shall be ground for discipline for judge to violate the Oath of Office) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## *CONCLUSION*

■ We accept the Agreement for Discipline by Consent and issue a public reprimand. Respondent shall not apply for, seek, or accept any judicial position whatsoever in this State without the prior express written authorization of this Court after due service on ODC of any petition seeking the Court's authorization. Respondent is hereby reprimanded for her misconduct.

**PUBLIC REPRIMAND.**