702 S.E.2d 115

**In the Matter of Former Allendale County Magistrate
Carl M. LOVE, Respondent.**

No. 26890.

Supreme Court of South Carolina.

Submitted Oct. 19, 2010.

Decided Nov. 8, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Cory Howerton Fleming, of Moss Kuhn & Fleming, PA, of Beaufort, for respondent.

PER CURIAM.

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RJDE, Rule 502, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR.[1] The facts as set forth in the Agreement are as follows.

## FACTS

On or about November 9, 2007, respondent was indicted in Allendale County for misconduct in office under South Carolina Code Ann. § 8–1–80 (1986). The indictment alleged that respondent: engaged in ex parte communication with certain defendants; used his judicial position to advance the private interests of a litigant; used a procedure for handling fines and bond services for certain defendants which was not in accor-

---

1. Respondent no longer holds judicial office. Consequently, a public reprimand is the most severe sanction which the Court can impose. *See In re O'Kelley,* 361 S.C. 30, 603 S.E.2d 410 (2004); *In re Gravely,* 321 S.C. 235, 467 S.E.2d 924 (1996).

dance with the orders of the Chief Justice of the Supreme Court of South Carolina; and appropriated public funds for his own use and benefit. On or about June 1, 2010, respondent pled guilty to the indictment. He was sentenced to one (1) year imprisonment, probated to six (6) months home incarceration, payment of a fine and costs of $1,202.53, and ordered to pay restitution in the amount of $11,427.50.

## *LAW*

By his misconduct, respondent admits he has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity and independence of judiciary); Canon 1A (judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge all avoid impropriety and the appearance of impropriety in all of the judge's activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 2B (judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment; judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; judge shall not convey or permit others to convey the impression that they are in a special position to influence the judge); Canon 3 (judge shall perform duties of judicial office impartially and diligently); Canon 3(B)(2) (judge shall be faithful to the law and maintain professional competence in it; judge shall not be swayed by partisan interests, public clamor, or fear of criticism); Canon 3B(7) (judge shall not initiate, permit, or consider ex parte communications); and Canon 3C(1) (judge shall diligently discharge administrative responsibilities without bias or prejudice, maintain professional competence in judicial administration, and cooperate with other judges and court officials in the administration of court business). Respondent also admits he has violated Rule 7(a)(1) (it shall be ground for discipline for judge to violate the Code of Judicial Conduct) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and issue a public reprimand. Respondent shall not apply for, seek, or accept any judicial position whatsoever in this State without the prior express written authorization of this Court after due service in writing on ODC of any petition seeking the Court's authorization. Respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.