710 S.E.2d 75

**In the Matter of Horry County Magistrate James Oren HUGHES, Jr., Respondent.**

No. 26979.

Supreme Court of South Carolina.

Submitted April 19, 2011.

Decided May 31, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Keith M. Babcock, of Lewis & Babcock, LLP, of Columbia, for respondent.

PER CURIAM.

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR. In addition, respondent agrees to neither seek nor accept any judicial position in South Carolina without the express written permission of the Court after due notice of seeking permission in writing to Disciplinary Counsel. The facts as set forth in the agreement are as follows.

## FACTS

Respondent attended an Horry County Bar reception in Myrtle Beach, South Carolina. At the reception, respondent made an inappropriate comment to a law student attending the reception. In addition, respondent had a cell phone at the reception which contained an inappropriate image that was viewed by the law student and others attending the reception. Respondent regrets his conduct.

On August 2, 2010, the Court placed respondent on interim suspension as a result of his conduct at the reception. Respondent has since retired from his judicial position.

## LAW

By his misconduct, respondent admits he has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity of the judiciary will be preserved); Canon 2 (judge shall avoid impro-

priety and the appearance of impropriety in all activities); Canon 2A (judge shall act at all times in a manner that promotes public confidence in the integrity of the judiciary); and Canon 4A(2) (judge shall conduct all of the judge's extra-judicial activities so that they do not demean the judicial office). Respondent further admits that his conduct constitutes grounds for discipline pursuant to Rule 7(b)(1) (it shall be a ground for discipline for judge to violate or attempt to violate the Code of Judicial Conduct), and Rule 7(b)(9) (it shall be ground for discipline for judge to violate the Judge's Oath of Office contained in Rule 502.1, SCACR), RJDE, Rule 502, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and issue a public reprimand.[1] Further, respondent shall neither seek nor accept any judicial position in South Carolina without the express written permission of the Court after due notice of seeking permission in writing to Disciplinary Counsel. Accordingly, respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, and KITTREDGE, JJ., concur. HEARN, J., not participating.

---

1. Since respondent no longer holds judicial office, a public reprimand is the most severe sanction the Court can impose. *In re O'Kelley*, 361 S.C. 30, 603 S.E.2d 410 (2004); *In re Gravely*, 321 S.C. 235, 467 S.E.2d 924 (1996).