# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Former Abbeville County Magistrate George T. Ferguson, Respondent.

Appellate Case No. 2014-001385

Opinion No. 27428
Submitted July 9, 2014 – Filed August 6, 2014

## PUBLIC REPRIMAND

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Billy J. Garrett, Jr., Esquire, of The Garrett Law Firm, PC, of Greenwood, for Respondent.

**PER CURIAM:**   In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Judicial Disciplinary Enforcement (RLDE) contained in Rule 502 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand and agrees never to seek nor accept a judicial office in South Carolina without the express written permission of this Court after written notice to ODC.  We accept the Agreement and publicly reprimand respondent, the most severe sanction we are able to impose under these circumstances.[1]  The facts, as set forth in the Agreement, are as follows.

---

[1] Since respondent no longer holds judicial office, a public reprimand is the most severe sanction which can be imposed. In the Matter of O'Kelley, 361 S.C. 30, 603 S.E.2d 410 (2004).

## Facts

Respondent was indicted on two counts of Misconduct in Office. The first indictment alleged respondent offered and gave Jane Doe #1 money and/or other benefits for the handling and disposition of legal matters involving Jane Doe #1 before him in his official capacity as Magistrate in return for Jane Doe #1 allowing respondent to have sexual contact with her from 1996 to 2009. The second indictment alleged respondent offered and gave Jane Doe #2 money and/or other benefits for the handling and disposition of legal matters involving Jane Doe #2 before him in his official capacity as Magistrate in return for Jane Doe #2 allowing respondent to have sexual contact with her from 2001 to 2011.

On May 16, 2014, respondent entered a guilty plea to Misconduct in Office on the first indictment. He was sentenced to one (1) year imprisonment provided that, upon service of ninety (90) days, the balance would be suspended with probation for a period of five (5) years. On the same day, respondent entered a guilty plea to Misconduct in Office on the second indictment. He was sentenced to one (1) year imprisonment, suspended with probation for a period of five (5) years.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity and independence of judiciary); Canon 1A (judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that integrity and independence of judiciary will be preserved); Canon 2 (judge shall avoid impropriety and appearance of impropriety in all of judge's activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in manner that promotes public confidence in integrity and impartiality of judiciary); Canon 2B (judge shall not allow social or other relationships to influence judge's judicial conduct or judgment; judge shall not lend prestige of judicial office to advance private interests of judge or others; judge shall not convey or permit others to convey impression that they are in special position to influence judge); Canon 3 (judge shall perform duties of judicial office impartially and diligently); Canon 3B(2) (judge shall be faithful to law); Canon 3B(7) (judge shall accord to every person who has legal interest in proceeding, or that person's lawyer, right to be heard according to law; judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to judge outside the presence of the parties concerning

pending or impending proceeding); Canon 3E(1) (judge shall disqualify himself in proceeding in which judge's impartiality might reasonably be questioned); Canon 4A(1) (judge shall conduct his extra-judicial activities so as to minimize risk with judicial obligations); Canon 4(A)(2) (judge shall conduct all of his extra-judicial activities so that they do not demean judicial office); and Canon 4A(3) (judge shall conduct all of his extra-judicial activities so that they do not interfere with proper performance of judicial duties).

Respondent also admits he has violated the following Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1) (it shall be ground for discipline for judge to violate Code of Judicial Conduct).

## Conclusion

We accept the Agreement for Discipline by Consent and issue a public reprimand because respondent is no longer a judge and because he has agreed not to hereafter seek nor accept another judicial position in South Carolina without first obtaining express written permission from this Court after due notice in writing to ODC. As previously noted, this is the most severe sanction we can issue, given the fact that he has already resigned his duties as a judge. See In the Matter of O'Kelley, id. Accordingly, respondent is hereby reprimanded for his conduct.

**PUBLIC REPRIMAND.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**