657 S.E.2d 759

**In the Matter of Former Tega Cay Municipal Court Judge Deborah Ann KOULPASIS, Respondent.**

**No. 26435.**

Supreme Court of South Carolina.

Submitted Jan. 22, 2008.

Decided Feb. 11, 2008.

Lesley M. Coggiola, Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Desa Ballard and Stephanie N. Weissenstein, of Law Offices of Desa Ballard, PA, of West Columbia, for respondent.

PER CURIAM.

 In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RJDE, Rule 502, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR.[1] The facts as set forth in the Agreement are as follows.

## FACTS

On or about July 5, 2006, respondent was charged by the Rock Hill Police Department with one (1) count of Breach of Trust over $10,000 in violation of S.C.Code Ann. § 16–13–230(B)(3) (2003). The arrest warrant alleged respondent converted to her own use $17,594.60 from the law firm from which she had previously been employed as a lawyer. Thereafter, respondent resigned her position as a part-time Municipal Court Judge for Tega Cay. Subsequently, respondent entered a guilty plea in the Court of General Sessions for York County to one (1) count of Breach of Trust under $5,000 in violation of S.C.Code Ann. § 16–13–230(B)(2) (2003) and received a sentence of two (2) years imprisonment suspended upon payment of court costs. Respondent warrants that restitution has been made to her former law firm and/or former senior partner in a mutually agreeable amount.

## LAW

 By her misconduct, respondent admits she has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold the integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining, and enforcing high standards of conduct and shall personally observe those standards so that the integrity of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety in all activities); Canon 2A

---

1. Respondent no longer holds judicial office. A public reprimand is the most severe sanction the Court can impose when a judge no longer holds judicial office. *See In re O'Kelley*, 361 S.C. 30, 603 S.E.2d 410 (2004); *In re Gravely*, 321 S.C. 235, 467 S.E.2d 924 (1996).

(judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity of the judiciary); Canon 4 (judge shall conduct extra-judicial activities so as to minimize risk of conflict with judicial obligations); and Canon 4A(2) (judge shall conduct all extra-judicial activities so that they do not demean the judicial office). Respondent acknowledges that she did not uphold the integrity of the judiciary contrary to the Judge's Oath as set out in Rule 502.1, SCACR. Further, respondent admits that she has violated Rule 7(a)(1) (it shall be ground for discipline for judge to violate the Code of Judicial Conduct), Rule 7(a)(1)(3) (it shall be ground for discipline for judge to be convicted of crime of moral turpitude or a serious crime), and Rule 7(a)(9) (it shall be ground for discipline for judge to violate the Oath of Office) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR.

## CONCLUSION

We accept the Agreement for Discipline by Consent and issue a public reprimand. Respondent shall not apply for, seek, or accept any judicial position whatsoever in this State without the prior written authorization of this Court after due service on ODC of any petition seeking the Court's authorization. Respondent is hereby reprimanded for her misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.