673 S.E.2d 429

**In the Matter of Former Calhoun Falls Municipal Court Judge Clinton J. HALL, II, Respondent.**

**No. 26597.**

Supreme Court of South Carolina.

Heard Jan. 21, 2009.

Decided Feb. 9, 2009.

Senior Assistant Attorney General James G. Bogle, Jr., of Columbia, for Commission on Judicial Conduct.

Clinton H. Hall, II, of Due West, pro se Respondent.

PER CURIAM.

In this judicial disciplinary matter, the Commission on Judicial Conduct (the Commission) instituted this proceeding against then Calhoun Falls municipal court judge Clinton J. Hall, II (Respondent). We find the imposition of a public reprimand is warranted.

## FACTS

The Commission notified Respondent on April 4, 2008 that formal charges had been filed against him pursuant to the Rules for Judicial Disciplinary Enforcement (RJDE) found in Rule 502 of the South Carolina Appellate Court Rules (SCACR). The charges stemmed from the alleged failure of Respondent to meet his continuing legal education (CLE) obligations under Rule 510, SCACR, to timely file the required annual CLE reports, and to petition this Court for reinstatement (following his suspension) before resuming his judicial duties. Respondent filed a response to the charges.

A hearing was held before a panel of the Commission on July 14, 2008, and a Panel Report was issued on August 28,

2008. The panel recommended that Respondent receive a public reprimand and that he be required to pay the costs of these proceedings.[1] In addition, the panel recommended that Respondent be barred from future judicial service until he receives explicit written permission from this Court to serve.

By letter dated September 11, 2008, the Commission forwarded the Panel Report and the record to this Court. Neither Disciplinary Counsel nor Respondent has filed any exceptions to the Panel Report and the matter is before the Court based on the record of the proceedings in this case.

## LAW

After a review of the record of the proceedings in this matter, we find that by his conduct, Respondent has violated the following provisions of the Code of Judicial Conduct contained in Rule 501, SCACR: Canon 1 (upholding the integrity and independence of the Judiciary); Canon 1A (stating a judge should participate in establishing, maintaining, and enforcing high standards of conduct and shall personally observe those standards); Canon 2 (avoiding impropriety and the appearance of impropriety); Canon 2A (respecting and complying with the law); Canon 3B(2) (exhibiting faithfulness to the law); Canon 3B(8) (disposing of all judicial matters promptly, efficiently, and fairly); and Canon 3C(1) (diligently discharging judge's administrative responsibilities and cooperating with other judges and court officials).

In addition, we find Respondent has violated the following provisions of the RJDE contained in Rule 502, SCACR: Rule 7(a)(1) (violating or attempting to violate the Code of Judicial Conduct or the Rules of Professional Conduct or any other applicable ethics codes); Rule 7(a)(2) (willfully violating a valid order of the Supreme Court, the Commission, or the panels of the Commission or willfully failing to respond or appear as required); Rule 7(a)(4) (persistently failing to perform judicial duties or persistently performing judicial duties in an incompetent or neglectful manner); Rule 7(a)(7) (willfully violating a

---

1. When a judge no longer holds judicial office, a public reprimand is the most severe sanction this Court may impose. *In re Koulpasis*, 376 S.C. 496, 657 S.E.2d 759 (2008).

valid court order); and Rule 7(a)(9) (violating the Judge's Oath of Office).

## CONCLUSION

Respondent shall not apply for, seek, or accept any judicial position whatsoever in this State without the prior written authorization of this Court after due service on the Office of Disciplinary Counsel of any petition seeking the Court's authorization. Respondent is hereby reprimanded for his misconduct and is ordered to pay the costs of these proceedings.

**PUBLIC REPRIMAND.**

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.