## 23940

In the Matter of J. Archie LEE,
former Magistrate for Horry County, Respondent.

(437 S.E. (2d) 85)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle,* Columbia, *for complainant.*

*L. Morgan Martin,* Conway, *for respondent.*

Submitted Aug. 17, 1993.

Decided Oct. 4, 1993.

*Per Curiam:*

Respondent served as a Magistrate for Horry County from 1985 until his resignation on December 4, 1992. In this judicial disciplinary matter, respondent admits that while serving as a Magistrate he committed acts constituting judicial misconduct. He consents to a public reprimand. We accept respondent's admission and publicly reprimand him.

Respondent pled *nolo contendere* or guilty to six (6) counts of misconduct in office, two (2) counts of assault and battery of a high and aggravated nature, and one (1) count of assault of a high and aggravated nature. The charges of misconduct in office arose from his using his office to obtain sexual favors from at least twelve different women whose conduct with respondent was initiated because he was a Magistrate. The assault charges, which were committed while respondent was acting in his capacity as a Magistrate, arose when he made improper sexual advances to females.

Respondent was sentenced to three years, suspended upon payment of a fine of $500 with one year probation. The terms of his probation include 400 hours of public service, mandatory counseling and written reports to the trial judge concerning completion of these conditions.

The crimes respondent pled to violate the basic tenets of Canons 1 and 2 of the Code of Judicial Conduct contained in Rule 501, SCACR. A portion of the commentary to Canon 2 is especially applicable here:

> Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety.

Therefore, respondent has violated the Code of Judicial Conduct and is guilty of judicial misconduct under Rule 502(1)(b)(2), SCARC.

Further, while the crimes of misconduct in office, assault of a high and aggravated nature, and assault and battery of a high and aggravated nature are not always crimes of moral turpitude, they may be depending on the facts

as particularized in the indictment. *Cf. State v. Bailey,* 275 S.C. 444, 272 S.E. (2d) 439 (1980). Here, the indictments to which respondent pled clearly indicate he used his public office in an attempt to obtain sexual favors. In our opinion, these facts demonstrate a vileness and baseness which are sufficient to make them crimes of moral turpitude. *State v. Harvey,* 275 S.C. 225, 268 S.E. (2d) 587 (1980). Therefore, respondent is also guilty of judicial misconduct under Rule 502(1)(b)(1), SCACR.

Since respondent no longer holds judicial office, the most severe sanction available is a public reprimand.

Accordingly, we publicly reprimand respondent for his misconduct.

Public reprimand.

HARWELL, C.J., not participating.