24132

In the Matter of Samuel B. MENDENHALL, Respondent.

(447 S.E. (2d) 858)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.*, Columbia, *for complainant.*

*Michael L. Brown*, Rock Hill, *for respondent.*

Submitted June 17, 1994.

Decided July 18, 1994.

*Per Curiam:*

Respondent, a retired family court judge, is the subject of proceedings currently pending before the Board of Commissioners on Judicial Standards (Judicial Standards Matter) and the Board of Commissioners on Grievances and Discipline (Attorney Grievance Matter). He was temporarily suspended from the practice of law by order of this Court dated April 21, 1994. Respondent now admits the allegations against him and consents to a public reprimand in the Judicial Standards Matter and to disbarment in the Attorney Grievance Matter. We accept the admission, disbar respondent, and publicly reprimand him.

Respondent admits that he engaged in *ex parte* communications with a party and the party's counsel in a proceeding before him. In addition, he admits to engaging in sexual relations with the party which continued for a period of years, during which time the party had several contested matters before him. Further, respondent acknowledges that he misled the Board of Commissioners on Judicial Standards about his involvement in these matters during its investigation. Finally,

respondent admits that he engaged in an *ex parte* communication with another individual who was a party to a matter pending before him.

On April 18, 1994, respondent pled guilty to and was sentenced for two counts of official misconduct under S.C. Code Ann. § 81-1-80 (1986). Both counts allege that respondent "gave favorable rulings to a litigant appearing before him as the result of receiving sexual favors from the litigant. . . ."

Respondent has pled guilty to serious crimes of moral turpitude. In addition, his conduct was prejudicial to the administration of justice, adversely reflected upon his fitness to practice law, and tended to pollute the administration of justice and bring the courts and the legal profession into disrepute. He neglected his obligation to preserve the integrity and independence of the judiciary and failed to perform the duties of his office impartially. Respondent's conduct is reprehensible and warrants the imposition of the most severe sanctions this Court can impose.

Accordingly, we disbar respondent from the practice of law in the Attorney Grievance Matter. This disbarment shall be retroactive to April 21, 1994, the date respondent was temporarily suspended from the he practice of law. We further publicly reprimand respondent for his misconduct in office as a judge in the Judicial Standards Matter. This public reprimand is the most severe sanction this Court can impose for respondent's judicial misconduct. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR.

Disbarred and publicly reprimanded.

/s/ A. Lee Chandler, C.J.
/s/ Ernest A. Finney, Jr., J.
/s/ Jean H. Toal, J.
/s/ James E. Moore, J.

WALLER, A.J., not participating.