24381

In the Matter of Steven B. GRAVELY,
Pickens County Magistrate, Respondent.

(467 S.E. (2d) 924)

Supreme Court

*Attorney General Charles M. Condon* and *Senior Assistant Attorney General James G. Bogle, Jr.,* Columbia, *for Complainant.*

*Christopher G. Olson,* of *Olson, Smith, Jordan & Cox,* Clemson, *for Respondent.*

Heard Jan. 10, 1996.

Decided Mar. 4, 1996.

*Per Curiam:*

In this judicial discipline matter, respondent, a magistrate in Pickens County, was charged with having sexual relations with a *pro se* litigant. The three-member hearing panel unanimously found respondent guilty of misconduct and recommended a public reprimand. The Board of Commissioners on Judicial Standards unanimously adopted the panel's findings of fact, conclusions of law, and recommended sanction.[1] We agree respondent has committed judicial misconduct and that a public reprimand is appropriate sanction.

## FACTS

On the morning of November 24, 1993, complainant appeared *pro se* before respondent as the defendant in an eviction proceeding. Respondent ruled against her. After the hearing, respondent suggested she come back later because there might be a way to work around her situation. When she

---

[1] We note with approval the timeliness with which this complaint was handled by the hearing panel and Board. This matter began on March 1, 1995, when the complaint was issued. Two evidentiary hearings were held; the panel reports were issued within two weeks after each hearing, the last panel report dated October 13, 1995. The Board's report came out on November 3, 1995.

returned later that afternoon, no one else was present. She and respondent proceeded to have sexual intercourse in respondent's office. Complainant testified she did it because respondent told her he could keep her in her home. She was unemployed, had no money, and was taking care of two small children as a single mother. She felt she had nowhere to go if she were evicted.

Complainant went to respondent's office on December 6, 1993 to discuss an appeal of his ruling, which he had suggested. Again, no one was there. Respondent assisted complainant in writing an appeal of his November 24 ruling. He also typed up an Affidavit of Indigency for her so that she would not have to pay a fee to file the appeal. After this paperwork was done, respondent and complainant engaged in a sexual act at respondent's request.

## DISCUSSION

A factual finding of judicial misconduct must be supported by clear and convincing evidence. *Matter of Peeples*, 297 S.C. 36, 374 S.E. (2d) 674 (1988) *(per curiam)*. We find the record contains clear and convincing evidence that respondent and complainant engaged in sexual relations on the two occasions described above.

Respondent has failed to maintain, enforce, or observe high standards of conduct to ensure that the integrity and independence of the judiciary are preserved, in violation of Rule 501, Canon 1, SCACR. He has also failed to conduct himself in a manner which promotes public confidence in the integrity and impartiality of the judiciary, in violation of Rule 501, Canon 2(A), SCACR. Respondent has resigned his position as magistrate. A public reprimand is the most severe sanction that can be imposed when the respondent no longer holds judicial office. *See Matter of Mendenhall*, 316 S.C. 196, 447 S.E. (2d) 858 (1994) *(per curiam)*; *Matter of Lee*, 313 S.C. 142, 437 S.E. (2d) 85 (1993) *(per curiam)*. Therefore, respondent stands publicly reprimanded for his conduct.

Public reprimand.