583 S.E.2d 435

**In the Matter of Former Greenville County Magistrate Michael B. ABRAHAM, Respondent.**

No. 25671.

Supreme Court of South Carolina.

Submitted June 17, 2003.
Decided June 30, 2003.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

Oscar W. Bannister, of Greenville, for Respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand.[1] Re-

---

1. Respondent was placed on interim suspension by way of order of this Court dated May 6, 2003.

spondent has also resigned his position and has agreed never to seek nor accept a judicial office in South Carolina without the express written permission of the Supreme Court of South Carolina. We accept the agreement and publicly reprimand respondent, the most severe sanction we are able to impose in these circumstances.

Respondent admits in the Agreement for Discipline by Consent that he made use of internet facilities, while on duty at the magisterial offices furnished by Greenville County, which was contrary to the published directives of Greenville County and the South Carolina Judicial Department. Respondent also admits that, in connection with this matter, he submitted information to the Office of Disciplinary Counsel which he knew or should have known was incorrect or incomplete.

By his conduct, respondent has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (a judge shall observe high standards of conduct so that the integrity and independence of the judiciary is preserved); Canon 2(A)(a judge shall avoid impropriety and the appearance of impropriety by acting at all times in a manner that promotes public confidence in the integrity of the judiciary); and Canon 4(A)(2)(a judge shall conduct all of the judge's extra-judicial activities so that they do not demean the judicial office). Respondent has also violated the following provisions of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1)(it shall be a ground for discipline for a judge to violate the Code of Judicial Conduct) and Rule 7(a)(7)(it shall be a ground for discipline for a judge to willfully violate a valid court order issued by a court of this state).

We accept the agreement for a public reprimand because respondent is no longer a magistrate and because he has agreed not to hereafter seek nor accept another judicial position in South Carolina without first obtaining permission from this Court.[2] As previously noted, this is the strongest punishment we can give respondent, given the fact that he has

---

2. Respondent has agreed that, in the event he does seek such permission from this Court, he shall not do so without prior notice to Disciplinary Counsel and without allowing Disciplinary Counsel to disclose to this Court any information related to this matter and any information relevant to the issue of respondent holding judicial office.

already resigned his duties as a magistrate. *See In re Gravely*, 321 S.C. 235, 467 S.E.2d 924 (1996) ("A public reprimand is the most severe sanction that can be imposed when the respondent no longer holds judicial office.") Accordingly, respondent is hereby publicly reprimanded for his conduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.