<hr />

583 S.E.2d 754

**In the Matter of Former Sumter County Magistrate Warren Stephen CURTIS, Respondent.**

No. 25673.

Supreme Court of South Carolina.

Submitted June 30, 2003.

Decided July 14, 2003.

Henry B. Richardson, Jr., of Columbia, for Office of Disciplinary Counsel.

Elizabeth Van Doren Gray, of Columbia, for Respondent.

PER CURIAM.

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. Respondent has also resigned his judicial position and has agreed never to apply for a judicial office in South Carolina without permission from the Supreme Court of South Carolina. We accept the agreement and publicly reprimand respondent, the most severe sanction we are able to impose under these circumstances. The facts as set forth in the agreement are as follows.

### Facts

On June 12, 2002, respondent was arrested in connection with cocaine found in his possession.[1] Respondent pled guilty on November 14, 2002, to two counts of possession of cocaine and was sentenced to two years' imprisonment, suspended upon payment of a fine and service of two years of probation, with conditions for substance abuse counseling and random drug testing. At the time of the commission of the criminal acts admitted in the guilty plea, respondent was serving as a Sumter County Magistrate. Subsequent to his arrest, respondent resigned his judicial position and his resignation was accepted by the Governor of South Carolina.

### Law

Respondent admits that these allegations constitute grounds for discipline pursuant to Rules 7(a)(1) and (3), RJDE, Rule 502, SCACR. Respondent also admits that he has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (a judge shall uphold the integrity and independence of the judiciary); Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the

---

1. By orders of this Court dated June 17, 2002, respondent, who is licensed to practice law in this state, was placed on interim suspension with regard to his judicial position and the practice of law. *See In the Matter of Curtis,* 350 S.C. 277, 565 S.E.2d 309 (2002).

judge's activities); Canon 2(A)(a judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); and Canon 4(A)(2)(a judge shall conduct his extra-judicial activities so that they do not demean the judicial office).

### Conclusion

We accept the agreement for a public reprimand because respondent is no longer a magistrate and because he has agreed not to hereafter seek nor accept another judicial position in South Carolina without first obtaining permission from this Court.[2] As previously noted, this is the strongest punishment we can give respondent, given the fact that he has already resigned his duties as a magistrate. *See In re Gravely,* 321 S.C. 235, 467 S.E.2d 924 (1996)("A public reprimand is the most severe sanction that can be imposed when the respondent no longer holds judicial office.") Accordingly, respondent is hereby publicly reprimanded for his conduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur. PLEICONES, J., not participating.

---

**2.** Respondent has agreed that, in the event he does seek such permission from this Court, he shall not do so without prior notice to Disciplinary Counsel and without allowing Disciplinary Counsel to disclose to this Court any information related to this matter and any information relevant to the issue of respondent holding judicial office.