650 S.E.2d 73

**In the Matter of Retired Lee County Magistrate Davis A. WHITE, Respondent.**

No. 26370.

Supreme Court of South Carolina.

Submitted July 2, 2007.

Decided Aug. 13, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel, and Assistant Deputy Attorney General Robert E. Bogan, both of Columbia, for Office of Disciplinary Counsel.

Jacob H. Jennings, of Bishopville, for respondent.

PER CURIAM.

The Office of Disciplinary Counsel and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 502, SCACR, in which respondent admits misconduct and consents to the imposition of a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## *FACTS*

On March 11, 2003, a State Transport Police officer issued two tickets to the driver of a truck owned by Lee County. The officer reported to Disciplinary Counsel that respondent asked for help regarding the tickets, explaining that Lee County was a poor county. The officer declined to help the

county because he frequently received complaints from private carriers that government trucks ran overweight or without tarps, an offense for which private carriers routinely would be cited. According to the officer, respondent then called the county maintenance department supervisor and advised him to make sure all drivers knew to put tarps on their loads. The county supervisor assured respondent every driver would be briefed, and it would not happen again. Respondent again asked the officer for help on the tickets, and the officer agreed. The tickets were marked to indicate that the defendant appeared, a trial was held, and the verdict was not guilty.[1] An employee in respondent's office then signed respondent's name in a box captioned "certified correct."

Respondent informed Disciplinary Counsel he recalled being contacted by the driver and the driver's supervisor about receiving help on the tickets. According to respondent, he remembered asking a State Transport Police supervisor for help regarding the tickets at a summary court seminar. The police supervisor indicated he could help with the tickets if the driver to whom the tickets were issued attended a training class. Respondent contended the tickets were marked not guilty by the officer before the officer arrived for court, and he assumed this was because the driver attended the class. Respondent admitted his employee acted on his behalf in signing the ticket, notwithstanding the fact that at least some information was incorrect, but maintained this had been the common practice in his court.

## LAW

■ By his misconduct, respondent admits he has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1A (judge should maintain high standards of conduct and should personally observe those standards); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner

---

1. Apparently, this is the common practice of marking tickets when police elect not to prosecute a ticket because there is no option on the ticket to indicate that the case was *nol prossed.*

that promotes public confidence in the integrity and impartiality of the judiciary); Canon 2B (judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment); Canon 3 (judge shall perform the duties of the judicial office impartially and diligently); Canon 3B(2) (judge shall be faithful to the law and maintain professional competence in it); Canon 3B(7) (judge shall not initiate *ex parte* communications); and Canon 3B(8) (judge shall dispose of all judicial matters fairly).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.