665 S.E.2d 169

**In the Matter of Beaufort County Magistrate George Peter LAMB, Respondent.**

**No. 26524.**

Supreme Court of South Carolina.

Submitted July 22, 2008.

Decided July 28, 2008.

Deborah Stroud McKeown, Commission Counsel, Assistant Disciplinary Counsel Joseph P. Turner, Jr., and James G. Bogle, Senior Assistant Attorney General, all of Columbia, for Office of Disciplinary Counsel.

John P. Freeman, of Columbia, for Respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. Respondent has also resigned his position and has agreed never to seek nor accept a judicial office in South Carolina without the express written permission of this Court after written notice to ODC. We accept the agreement and publicly reprimand respondent, the most severe sanction we are able to impose under these circumstances.

### Facts

Respondent admits in the Agreement for Discipline by Consent that he made inappropriate statements in commenting on a warrant. Specifically, respondent referred to the use of crack cocaine and addiction thereto as a "black man's disease." On another occasion, respondent reacted in an overly harsh manner to comments made by a speaker at a seminar on criminal domestic violence.

Respondent also admits that during a bond hearing, he directed a defendant in a criminal domestic violence case to look at the victim, which was contrary to instructions given to the defendant by the transportation officer from the detention center. While conducting bond court on another occasion, respondent incorrectly advised a defendant of the penalty for the charge against the defendant.

■ Finally, respondent admits engaging in behavior that, while unintentional, could reasonably have been viewed as inappropriate by female employees.

## Law

■ By his conduct, respondent has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (a judge shall observe high standards of conduct so that the integrity and independence of the judiciary is preserved); Canon 1A (a judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the judges activities); Canon 2(A)(a judge shall avoid impropriety and the appearance of impropriety by acting at all times in a manner that promotes public confidence in the integrity of the judiciary); and Canon 3B (a judge shall be patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with whom the judge deals in an official capacity). Respondent has also violated the following provisions of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1)(it shall be a ground for discipline for a judge to violate the Code of Judicial Conduct); Rule 7(a)(4)(it shall be a ground for discipline for a judge to persistently perform judicial duties in an incompetent or neglectful manner); and Rule 7(a)(9)(it shall be a ground for discipline for a judge to violate the Judge's Oath of Office contained in Rule 502.1, SCACR).

## Conclusion

We accept the Agreement for Discipline by Consent and issue a public reprimand because respondent is no longer a magistrate and because he has agreed not to hereafter seek nor accept another judicial position in South Carolina without first obtaining permission from this Court.[1] As previously

---

1. Respondent has agreed that, in the event he does seek such permission from this Court, he shall not do so without prior written notice to ODC and without allowing ODC to disclose to this Court information relevant to these proceedings and any information relevant to the issue of respondent holding judicial office.

noted, this is the strongest punishment we can give respondent, given the fact that he has already resigned his duties as a magistrate. *See In re Gravely,* 321 S.C. 235, 467 S.E.2d 924 (1996)("A public reprimand is the most severe sanction that can be imposed when the respondent no longer holds judicial office.")  Accordingly, respondent is hereby publicly reprimanded for his conduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.