668 S.E.2d 413

**DENMARK MUNICIPAL COURT JUDGE
MYRON V. ANDERSON, Respondent.**

No. 26552.

Supreme Court of South Carolina.

Heard Sept. 18, 2008.

Decided Oct. 13, 2008.

---

Lesley M. Coggiola, Disciplinary Counsel, and James B. Bogle, Jr., Senior Assistant Attorney General, both of Columbia, for Office of Disciplinary Counsel.

The Honorable Myron V. Anderson, of Denmark, pro se.

PER CURIAM:

In this judicial disciplinary matter, the Commission on Judicial Conduct Panel (the Panel), recommended that respondent, Myron V. Anderson, be removed from office. We agree respondent committed judicial misconduct, but we impose a public reprimand which is the most severe sanction we currently are able to impose under the circumstances.[1] After a period of ninety (90) days from the date of this opinion, the Town of Denmark may reappoint respondent to the position of municipal court judge.

## FACTS

The Office of Disciplinary Counsel filed formal charges in January 2006 against respondent.[2] Respondent wrote a letter in February 2006 acknowledging receipt of the formal charges. In this letter, respondent contended he had not committed misconduct and requested a hearing. Respondent, however, failed to attend the hearing held on September 17, 2007. The Panel thereafter issued its report and recommended that respondent be removed from office and be required to pay the costs of the proceedings.

The following facts are taken from a stipulation of facts between respondent and Disciplinary Counsel wherein respondent admitted certain allegations regarding two separate matters.

---

1. After oral argument in this case, respondent submitted his resignation to the Town of Denmark, effective September 30, 2008. Because the Town accepted respondent's resignation, a public reprimand is the most severe sanction available. *See, e.g., In the Matter of Gravely,* 321 S.C. 235, 467 S.E.2d 924 (1996) ("A public reprimand is the most severe sanction that can be imposed when the respondent no longer holds judicial office.").

2. Respondent has served as the Municipal Judge for the Town of Denmark in Bamberg County since 2003.

## Motorist Matter

On August 19, 2004, respondent was about to enter Highway 321 from his driveway when he noticed a pick-up truck traveling toward Denmark at what he thought was a high rate of speed. Respondent estimated the truck's speed to be 100 miles per hour. Once he entered the highway himself, respondent observed the truck attempting to pass slower vehicles, almost causing some oncoming cars to veer off the road.

Gregory Brown was driving the truck. Brown eventually stopped at a red light in Denmark. Respondent pulled up on the left side of the truck, looked at Brown, and shook his head in a disapproving manner. Brown rolled down the window and asked what respondent was looking at, to which respondent replied, "I'm looking at you," and made a comment about Brown's driving. Brown responded that he did not care what respondent thought, to which respondent replied: "You might ought to care, you might run into me at some point." When Brown asked why, respondent said that he was the municipal judge for Denmark.

The light changed, and as the truck pulled forward, respondent turned right, across the traffic lane and pulled in behind the truck to an adjacent parking lot. According to respondent, he pulled off the road in order to retrieve his cell phone, which had slid off the passenger seat, so he could call police.

As respondent exited his vehicle, he noticed the truck coming backward toward him. Respondent assumed the truck was trying to run over him, reported that it narrowly missed him and would have hit him had he not jumped out of the way. According to Brown, however, he did not know who respondent was or what he was doing, and he drove backwards to keep respondent in front of him in order to see what respondent was doing.

After additional verbal exchange between respondent and Brown, respondent entered his vehicle, drove through a red light, and proceeded to the Denmark police department where respondent reported that someone had tried to run over him. An officer accompanied respondent back to the scene, and a bystander reported that the truck had gone toward Barnwell. The bystander gave them Brown's license plate number. Respondent then went to the local magistrate's office and began

the process of taking out a warrant against Brown for the offense of threatening a public official.

Brown was stopped by police a short while later in Barnwell. A Denmark police officer brought Brown back to the magistrate's office where respondent was seeking a warrant.

The presiding magistrate examined the applicable statute and determined that a warrant for the offense of threatening a public official should not be issued and suggested that perhaps another charge would be more appropriate. After some discussion, the officer issued a reckless driving ticket to Brown. The magistrate set bond, and Brown was transported back to his truck. Brown subsequently mailed in a $200 bond, which was forfeited; he was convicted for reckless driving.

Respondent asserted to Disciplinary Counsel that his intention was to dissuade Brown from further dangerous driving that he believed was an imminent threat to other motorists. Respondent acknowledges that reference to his judicial office was not appropriate.

## Foreclosure Matter

This matter relates to a foreclosure action on respondent's marital home which was titled solely in the name of his wife.

On October 6, 2004, a *lis pendens* and mortgage foreclosure action were filed concerning the marital home. An Order and Judgment of Foreclosure and Sale were filed on February 17, 2005, and the home was scheduled to be sold at public auction on March 7, 2005. However, the sale was delayed nearly a year by three bankruptcy filings, each of which was dismissed.

The home was eventually auctioned on February 6, 2006. The successful bidder was the plaintiff in the foreclosure action, which then assigned its rights to the Federal National Mortgage Association (FNMA). On February 15, 2006, the property was deeded to FNMA, and the next day, the Referee issued an "Order for Writ of Assistance and Writ of Assistance" directing the occupants to vacate the property on or before March 20, 2006.

By letter dated February 15, 2006, respondent represented to counsel for the plaintiff that respondent had purchased the subject property on February 3, 2006. The letter further stated that a deed was signed and recorded on that date at the

Bamberg County courthouse. Respondent requested that plaintiff's counsel file a motion to vacate the sale. Counsel gave four extensions of time for the occupants to vacate the property, extending the date until May 19, 2006.

When the broker arrived at 9:00 a.m. on May 19, 2006, to take possession of the property, respondent was present and produced a document titled "Motion to Dismiss Order of Writ of Assistance and Writ of Assistance;" respondent told the broker it had been filed that morning. For this motion, respondent used the same docket number as the foreclosure action, but styled the caption to show himself as the plaintiff, the original plaintiff as defendant, and FNMA as an additional defendant. Respondent, however, had never been a named party to the foreclosure action and he did not serve any of the parties with the motion. Moreover, he made representations in the motion that were factually incorrect, including that he was the record owner of the property. Respondent's actions delayed the eviction which ultimately occurred on May 22, 2006.

Respondent told Disciplinary Counsel that he researched the Internet for advice on foreclosure actions and this research gave him the idea that his wife should deed the property to him. Respondent believed the transfer of title was effective because it had been accepted at the courthouse and he subsequently was shown as the property owner on tax records. Respondent thought his actions were legitimate methods to resolve the foreclosure and he had intended to procure the financing necessary to avoid foreclosure.

## LAW

██ Respondent's failure to appear at the hearing before the Panel results in the factual allegations being deemed admitted by respondent. Rule 24, the Rules for Judicial Disciplinary Enforcement (RJDE), Rule 502, SCACR.

By his conduct, respondent has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid

impropriety and the appearance of impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 2B (judge shall not allow family, social, political or other relationships to influence the judges judicial conduct or judgment); Canon 4 (a judge shall conduct extra-judicial activities so as to minimize the risk of conflict with judicial obligations); Canon 4(A)(1) (a judge shall conduct extra-judicial activities so that they do not cast reasonable doubt on the judge's capacity to act impartially as a judge); Canon 4(A)(2) (a judge shall conduct extra-judicial activities so that they do not demean the judicial office).

By violating the Code of Judicial Conduct, respondent has also violated Rule 7(a)(1), RJDE.

### CONCLUSION

We find respondent's misconduct warrants a public reprimand which, as previously noted, is the harshest punishment we can give respondent due to his recent resignation. *See In re Gravely, supra.* This sanction is imposed with the limitation that respondent may not hold judicial office for ninety (90) days from the date of this opinion. At the end of this 90–day term, the City of Denmark is at liberty to reappoint respondent as municipal court judge.

**PUBLIC REPRIMAND.**

TOAL, C.J., WALLER, PLEICONES, BEATTY, and KITTREDGE, JJ., concur.