681 S.E.2d 874

## In the Matter of Lexington County Magistrate Jamie Thomas LUCAS, Respondent.

### No. 26693.

Supreme Court of South Carolina.

Submitted July 22, 2009.

Decided July 27, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Petitioner.

J. Steedley Bogan, of Columbia, for Respondent.

PER CURIAM.

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. Respondent has also resigned his position and has agreed never to seek nor accept a judicial office in South Carolina without the express written permission of this Court after written notice to ODC. We accept the agreement and publicly reprimand respondent, the most severe sanction we are able to impose under these circumstances.

### *Facts*

On January 30, 2008, respondent was arrested and charged with petit larceny. The charge stemmed from the removal of a statue from the yard of a member of his wife's family. The charge was nolle prossed on July 17, 2008. In the Agreement for Discipline by Consent, respondent does not admit any criminal wrongdoing, but acknowledges that as a sitting judge he should not have involved himself in his wife's family matter because it could call into question the integrity of the judiciary.

On February 6, 2008, an order was issued placing respondent on interim suspension as a result of the criminal charge.

On November 6, 2008, this Court found respondent in criminal contempt for violating the terms of the order. The finding of contempt was based on telephone calls made by respondent to his former magisterial employees in an effort to obtain a continuance in a case pending before the magistrate's court to which he was not a party.

## Law

By his conduct, respondent has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (a judge shall observe high standards of conduct so that the integrity and independence of the judiciary is preserved); Canon 1(A) (a judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities); Canon 2(A)(a judge shall avoid impropriety and the appearance of impropriety by acting at all times in a manner that promotes public confidence in the integrity of the judiciary); and Canon 2B (a judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment and shall not lend the prestige of judicial office to advance the private interests of the judge or others). Respondent has also violated the following provisions of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1)(it shall be a ground for discipline for a judge to violate the Code of Judicial Conduct); Rule 7(a)(2)(it shall be a ground for discipline for a judge to willfully violate a valid order of the Supreme Court); Rule 7(a)(7)(it shall be a ground for discipline for a judge to willfully violate a valid court order issued by a court of this state or another jurisdiction); and Rule 7(a)(9)(it shall be a ground for discipline for a judge to violate the Judge's Oath of Office contained in Rule 502.1, SCACR).

## Conclusion

We accept the Agreement for Discipline by Consent and issue a public reprimand because respondent is no longer a magistrate and because he has agreed not to hereafter seek nor accept another judicial position in South Carolina without

first obtaining permission from this Court after due notice in writing to ODC. As previously noted, this is the strongest punishment we can give respondent, given the fact that he has already resigned his duties as a magistrate. *See In re Gravely,* 321 S.C. 235, 467 S.E.2d 924 (1996)("A public reprimand is the most severe sanction that can be imposed when the respondent no longer holds judicial office.") Accordingly, respondent is hereby publicly reprimanded for his conduct.

TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.