689 S.E.2d 605

**In the Matter of Former Lee County Magistrate Alston Wesley WOODHAM, Respondent.**

**No. 26766.**

Supreme Court of South Carolina.

Submitted Jan. 20, 2010.

Decided Feb. 8, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

S. Bryan Doby, of Jennings and Jennings, PA, of Bishopville, for respondent.

PER CURIAM.

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RJDE, Rule 502, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b), RJDE, Rule 502,

SCACR.[1]   The facts as set forth in the Agreement are as follows.

## FACTS

This matter was referred to ODC following an internal investigation at the Department of Public Safety (DPS).  DPS had received information that State Transport police officers had been instructed through the chain of command to curtail or cease certain enforcement activity at the Lee County Landfill and to "nolle pros" or reduce tickets which had already been issued to county or municipal government trucks. Two State Transport officers also reported they had been approached by Lee County magistrates for "help" on tickets.

Respondent maintains he is contacted approximately five times per year by a legislator for help on tickets on behalf of constituents and that he, in turn, contacts the officers to see if help is available.   Respondent also talks to officers if a violator calls and requests help on a ticket.

Respondent admits that, on one occasion, he was contacted by a county administrator regarding a weight ticket issued by the State Transport Police at the Lee County Landfill and that he approached the officer before court about the ticket. The officer declined to help, citing as the reason that the legislator had complained about the officer enforcing weight limits at the landfill.   Respondent called the legislator about the officer's remark.   The legislator responded that the only thing he had done was "call somebody in Columbia" about the weight tickets and told them (presumably the State Transport police) that they could write tickets anywhere in Lee County except at the entrance to the landfill.

Respondent acknowledges he was contacted by a county official for help on weight ticket W223647 and that he contacted the issuing officer.   The officer told respondent to contact his supervisor; respondent contacted the officer's supervisor and the supervisor declined to intervene.

---

1.  Respondent resigned his magisterial position on October 16, 2009. Since respondent no longer holds judicial office, a public reprimand is the most severe sanction the Court can impose.   *See In re O'Kelley*, 361 S.C. 30, 603 S.E.2d 410 (2004); *In re Gravely*, 321 S.C. 235, 467 S.E.2d 924 (1996).

A State Transport police officer reported that he was contacted by respondent about help on weight ticket W210437 which had imposed a fine of $3,905.25. The officer stated he told respondent he could not help with the weight ticket, although he "didn't care" what respondent "did" with the ticket. Further, the officer reported that respondent asked the ticket be marked "not guilty" and the officer marked the ticket accordingly. Respondent informed ODC that he did not ask the officer for help on ticket W210437, but acknowledges that the trial officer's copy of the ticket indicates he was the presiding judge.

## LAW

By his misconduct, respondent admits he has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold the integrity and independence of the judiciary); Canon 1(A) (judge should participate in establishing, maintaining, and enforcing high standards of conduct and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities); Canon 2(A) (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 2(B) (judge shall not allow social, political or other relationships to influence the judge's judicial conduct or judgment; judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; judge shall not convey or permit others to convey the impression that they are in a special position to influence the judge); Canon 3 (judge shall perform the duties of judicial office impartially and diligently); and Canon 3(B)(7) (judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to judge outside the presence of the parties concerning a pending or impending proceeding). Respondent also admits his misconduct constitutes grounds for discipline pursuant to Rule 7(a)(1) (it shall be ground for discipline for judge to violate the Code of Judicial Conduct) of Rule 502, SCACR.

We have already condemned the practice of ticket-fixing or attempted ticket-fixing by magistrates. *In the Matter of White,* 374 S.C. 372, 650 S.E.2d 73 (2007); *In the Matter of English,* 367 S.C. 297, 625 S.E.2d 919 (2006); *In the Matter of Beckham,* 365 S.C. 637, 620 S.E.2d 69 (2005). Ticket-fixing constitutes improper ex parte communication and severely undermines the public's confidence in a fair and impartial judicial system. Accordingly, again we emphasize that it is improper for a magistrate to engage in ex parte communications concerning any pending or impending judicial proceeding with an officer, alleged violator, or any third party, including a member of the legislature.

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and issue a public reprimand. Respondent shall not apply for, seek, or accept any judicial position whatsoever in this State without the prior express written authorization of this Court after due notice in writing on ODC of any petition seeking the Court's authorization. Respondent is hereby reprimanded for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.