742 S.E.2d 392

**In the Matter of Arthur Tuggle BRYNGELSON, Jr., Respondent.**

**Appellate Case No. 2013–000681.**

**No. 27247.**

Supreme Court of South Carolina.

Submitted April 16, 2013.

Decided May 8, 2013.

116

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Arthur Tuggle Bryngelson, Jr., of Ridgeville, for Respondent.

PER CURIAM.

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21 of the Rules for Judicial Disciplinary Enforcement (RJDE) contained in Rule 502 of the South Carolina Appellate Court Rules (SCACR). In the agreement, respondent admits misconduct and consents to a public reprimand. Respondent has also resigned his position and has agreed never to seek nor accept a judicial office in South Carolina without the express written permission of this Court after written notice to ODC. We accept the agreement and publicly reprimand respondent, the most severe sanction we are able to impose under these circumstances.

## *Facts*

### *Matter I*

A defendant appeared before respondent in a criminal matter. After initially setting a higher bond, respondent set the defendant's bond at $10.00. Thereafter, respondent posted bond on the defendant's behalf out of respondent's own personal funds and signed the bond form as both Judge and Surety. Respondent self-reported this matter.

### *Matter II*

Respondent arraigned a defendant on the felony charge of Malicious Injury to Property. Subsequently, at the request of the parties, respondent signed a paper stating that the victim agreed to drop all charges against the defendant based upon payment of $1,178.80. The defendant was later indicted on the matter and was arrested when he failed to appear. Respondent submits he felt that he signed the paper as a witness to the parties' exchange for restitution but now recognizes

that he should not have signed the paper as it could give the defendant the impression that the matter was dismissed by him.

## Matter III

A defendant was charged with four counts of unlawful use of a telephone. The matter was continued at the request of the prosecuting officer. When the jail mistakenly transported the defendant, respondent allowed the prisoner to plead guilty without the arresting officer and victim being present or being notified of the proceeding. In mitigation, respondent submits the defendant served the maximum amount of jail time for the crime.

## Matter IV

A defendant who was ticketed for an expired tag failed to appear for court and was tried in her absence by another judge in April 2010. The defendant was found guilty, a fine was imposed, and the defendant's driver's license was suspended.

In June 2010, a clerk changed the case history from guilty to not guilty, and the disposition code for the matter was changed to respondent's disposition code to reflect that respondent was the trial judge. The clerk reports she changed the disposition at respondent's direction.

A municipal court judge reports that he spoke with respondent at the time the defendant received the ticket. The municipal court judge reported that he called respondent when the defendant provided proof that she had renewed her tags and asked respondent to dismiss the matter.

Respondent does not remember the matter, but submits in mitigation that tickets for expired tags are dismissed as a matter of course when the defendant provides proof that the tags have been renewed. While acknowledging it is improper to change another judge's order, respondent submits that any actions he took were consistent with how other defendants with the same charge are treated.

## *Matter V*

Respondent presided over a matter where the complainant sought a restraining order against a police officer. In announcing his decision, respondent commented on the fact that granting a restraining order could have a serious effect on the officer's career and incorrectly applied a reasonable doubt standard in not granting the complainant a restraining order. While there is no indication respondent knew the officer in question, respondent acknowledges it was improper to apply a beyond a reasonable doubt standard.

## *Law*

Respondent admits that by his conduct he has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity and independence of judiciary); Canon 1A (judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and appearance of impropriety in all of judge's activities); Canon 2A (judge shall respect and comply with the law); Canon 3B(2) (judge shall be faithful to the law); and Canon 3B(7) (judge shall accord to every person who has a legal interest in a proceeding the right to be heard according to law).

Respondent admits he has also violated the following provisions of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR: Rule 7(a)(1) (it shall be ground for discipline for judge to violate Code of Judicial Conduct) and Rule 7(a)(4) (it shall be ground for discipline for judge to persistently perform judicial duties in an incompetent or neglectful manner).

## *Conclusion*

We accept the Agreement for Discipline by Consent and issue a public reprimand because respondent is no longer a judge and because he has agreed not to hereafter seek nor accept another judicial position in South Carolina without first obtaining express written permission from this Court after due notice in writing to ODC. As previously noted, this is the strongest punishment we can give respondent, given the fact that he has already resigned his duties as a judge. *See In re*

*Gravely*, 321 S.C. 235, 467 S.E.2d 924 (1996) ("A public reprimand is the most severe sanction that can be imposed when the respondent no longer holds judicial office.") Accordingly, respondent is hereby publicly reprimanded for his conduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.