# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Samuel R. Drose, Former Magistrate for Marion County, Respondent.

Appellate Case No. 2018-000563

Opinion No. 27813
Submitted May 25, 2018 – Filed June 13, 2018

## PUBLIC REPRIMAND

John S. Nichols, Disciplinary Counsel, and Joseph P. Turner, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Samuel R. Drose, of Marion, *pro se*.

**PER CURIAM:**   In this judicial disciplinary matter, Respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Judicial Disciplinary Enforcement (RJDE) contained in Rule 502 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents to the imposition of a public reprimand pursuant to Rule 7(b), RJDE, Rule 502, SCACR.  We accept the Agreement and issue a public reprimand.  The facts, as set forth in the Agreement, are as follows.

## Facts

Respondent was arrested on May 14, 2014, after he took possession of a substance which he believed was oxycodone, a Schedule II controlled substance.  Respondent resigned his position as a part-time Magistrate on the same day.

## Law

Respondent admits that by his conduct he has violated Canon 1A (a judge should maintain high standards of conduct) and Cannon 2A (a judge shall respect and comply with the law and shall act at all times to promote public confidence in the integrity of the judiciary) of the Code of Judicial Conduct found in Rule 501, SCACR.

Respondent also admits that by violating the Code of Judicial Conduct, he has also violated Rule 7(a)(1), RJDE, Rule 502, SCACR.

## Conclusion

We find Respondent's misconduct warrants a public reprimand.[1]  Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct.


**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ. concur.**

---

[1] A public reprimand is the most severe sanction the Court can impose when a judge no longer holds judicial office.  *See In re Gravely*, 321 S.C. 235, 467 S.E.2d 924 (1996).