PER CURIAM:
**441 In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (the Agreement) pursuant to Rule 21, RJDE, Rule 502, SCACR. In the Agreement, respondent admits misconduct and consents to a confidential admonition or a public reprimand. Respondent has also resigned **442 his position as a probate judge and has agreed never to seek or accept judicial office in South Carolina without the express written permission of the Court, after providing written notice to ODC. We accept the Agreement and publicly reprimand respondent, the most severe sanction we are able to impose under these circumstances.
Facts
Two complaints against respondent relate to him calling court personnel "heifers" and "DW" (double wide). Respondent admits making the inappropriate and unprofessional comments, but maintains he was joking when the comments were made. The Agreement also references "pranks and jokes" respondent instigated and participated in during working hours and which he admits were unprofessional and discourteous. However, no details are provided regarding the "pranks and jokes" and it is not clear if this is simply a further reference to the inappropriate comments.
A second complaint stems from improper use of the probate court account. The complainant had repairs done to his roof and received two checks from his insurance company to cover the cost. Because the complainant's ex-wife's name remained on the deed, the insurance checks were made out to both the complainant and his ex-wife. The complainant's ex-wife is a former associate probate judge who previously worked for respondent, but lived in Ohio at the time of these events. Complainant asked his stepson to secure the ex-wife's signature on the checks, which he did. When the bank would not accept the checks for deposit, the stepson took the checks to respondent who, in turn, deposited them in the probate court account and wrote a check from that account to the complainant's stepson in the amount of the insurance proceeds. The complainant's stepson did not use the funds to pay the roofing *724 company and, instead, used the money for his own benefit. The complainant learned of his stepson's actions upon being served with a summons and complaint by the roofing company. The complainant has filed suit against his stepson to recover the money.
Respondent's relevant disciplinary history includes: a letter of caution on March 26, 2004, citing Canons 2A and 4D(1); a confidential admonition on June 10, 2005, citing Canons 1, 1A, **443 2, 2A, and 4A(2); and a letter of caution on June 26, 2015, citing Canon 3B(4).
Law
Respondent admits his conduct violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1A (a judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2A (a judge shall avoid impropriety and the appearance of impropriety by acting at all times in a manner that promotes public confidence in the integrity of the judiciary); Canon 3B(4) (a judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity); and Canon 4D(1)(a) (a judge shall not engage in financial and business dealings that may reasonably be perceived to exploit the judge's judicial position). Respondent also admits his actions violated Rules 7(a)(1) and (9), RJDE, Rule 502, SCACR (it shall be grounds for discipline for a judge to violate the Code of Judicial Conduct and the Judge's Oath of Office).
Conclusion
We accept the Agreement for Discipline by Consent and issue a public reprimand because respondent is no longer a probate judge and because he has agreed, hereafter, not to seek or accept another judicial position in South Carolina without first obtaining express written permission from this Court, after providing due notice in writing to ODC. As previously noted, this is the strongest punishment we can give respondent, given the fact that he has already resigned his duties as a probate judge. See In re Gravely , 321 S.C. 235, 237, 467 S.E.2d 924, 925 (1996) ("A public reprimand is the most severe sanction that can be imposed when the respondent no longer holds judicial office."). Accordingly, respondent is hereby publicly reprimanded for his conduct.
PUBLIC REPRIMAND.
BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.