# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Former Charleston Municipal Court Judge Joseph Sidney Mendelsohn, Respondent.

Appellate Case No. 2020-001622

Opinion No. 28018
Submitted March 9, 2021 – Filed March 31, 2021

## PUBLIC REPRIMAND

Disciplinary Counsel John S. Nichols and Deputy Disciplinary Counsel Carey Taylor Markel, of Columbia, for the Office of Disciplinary Counsel.

Donald Higgins Howe, of Charleston, for Respondent.

**PER CURIAM:**   In this judicial disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (the Agreement) pursuant to Rule 21 of the Rules for Judicial Disciplinary Enforcement found in Rule 502 of the South Carolina Appellate Court Rules.  In the Agreement, Respondent admits misconduct, agrees to pay the costs incurred by ODC and the Commission on Judicial Conduct (Commission), and consents to the imposition of any sanction set forth in Rule 7(b), RJDE, Rule 502, SCACR.  An investigative panel of the Commission unanimously recommends acceptance of the Agreement and that a Public Reprimand be imposed.  We accept the Agreement and issue a Public Reprimand.  The facts, as set forth in the Agreement, are as follows.

## Facts

On January 31, 2019, J.T. was issued a City of Charleston traffic ticket, with a trial date set for February 14, 2019. On February 13, 2019, Respondent obtained from the City of Charleston docket clerk the January 31, 2019 ticket which had been issued to J.T. Respondent told the docket clerk J.T. was his friend. Respondent filled out J.T.'s traffic ticket, checking the boxes for "Municipal Court," "Trial Judge," "Appeared," and "Not Guilty." Respondent affixed his signature to J.T.'s traffic ticket and dated it February 14, 2019. On February 14, 2019, Judge Alesia Rico Flores was scheduled to preside over the City of Charleston Municipal Court Traffic Court cases, including J.T.'s traffic ticket. When Judge Flores obtained J.T.'s ticket, a note was attached which read "Mendolsohn disposed of ticket." J.T. did not appear in City of Charleston Municipal Court on February 13 or February 14, 2019.

On February 22, 2019, Respondent drafted the following note to City of Charleston Police Officer Coghlan, "Mr. Coghlan, Can you see your way clear to a dismissal? Thanks, Joe Mendelsohn." Respondent attached the note to a February 7, 2019 City of Charleston traffic ticket Officer Coghlan issued to P.K. P.K. is Respondent's brother-in-law.

Respondent admits that it was professional misconduct for him to take the actions he took with regard to the two tickets. Respondent states, not by way of excuse for his inappropriate conduct, that both tickets were written for 404 Calhoun Street, the area where the James Island Connector empties onto the downtown peninsula of Charleston into Calhoun Street. During times of heavy traffic, the left lane would back up, forcing drivers to come to a stop on the downside of a bridge, thereby placing them in a position for a rear end collision as other drivers cleared the crest of the expressway. Many drivers chose to move into the right lane and bypass traffic (on the left) by traversing illegally an area delineated by white (not yellow) lines nearer to the bottom of the bridge.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity of judiciary); Canon 1(A) (judge shall personally observe high standards of conduct to preserve integrity of judiciary); Canon 2 (judge shall avoid

impropriety and the appearance of impropriety); Canon 2(A) (judge shall comply with the law and act in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 2(B) (judge shall not allow family or social relationships to influence the judge's judicial conduct or judgment); Canon 3(B)(7) (judge shall not initiate or consider ex parte communications); Canon 3(B)(8) (judge shall dispose of all judicial matters fairly); Canon 3(E) (judge shall disqualify himself from proceedings in which his impartiality might be questioned).  Respondent also admits his misconduct constitutes grounds for discipline under Rule 7(a)(1), RJDE, Rule 502, SCACR (violation of the Code of Judicial Conduct shall be a ground for discipline).

## Conclusion

We find Respondent's misconduct warrants a public reprimand.  Accordingly, we accept the Agreement and hereby publicly reprimand Respondent for his misconduct.  Notably, this is the strongest sanction we can impose given the fact that Respondent has already resigned his duties as a judge.  *See In re Gravely*, 321 S.C. 235, 467 S.E.2d 924 (1996) ("A public reprimand is the most severe sanction that can be imposed when the respondent no longer holds judicial office.").

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**