# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Former Judge James E. Crook,
Spartanburg County Magistrate Court

Appellate Case No. 2025-002237

---

Opinion No. 28320
Submitted February 20, 2026 – Filed March 18, 2026

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel William M. Blitch, Jr., and
Assistant Disciplinary Counsel Phylicia Yvette Christine
Coleman, both of Columbia, for the Office of
Disciplinary Counsel.

Scott Franklin Talley, of Talley Law Firm, P.A., of
Spartanburg, for Respondent.

---

**PER CURIAM:**   In this judicial disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Judicial Disciplinary
Enforcement (RJDE) contained in Rule 502 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to a confidential admonition or a public reprimand.  Respondent has also resigned
his position and agrees never to seek or accept a judicial office in South Carolina in
the future.  We accept the Agreement and publicly reprimand Respondent.

## I.

On October 14, 2024, J.J. reported to work at the Spartanburg County Magistrate
Court.  When Respondent arrived, he made small talk with J.J. then went to his
office.  J.J. entered Respondent's office to place information for upcoming bond

arraignments on Respondent's desk. As she was leaving, Respondent asked J.J., "How well [sic] are you at guessing someone's age?" Respondent then proceeded to show J.J. a photo of a woman posing in a position with her buttocks facing the camera. Respondent showed J.J. an additional photo of the same woman in her bra and panties, posing on her knees, with her legs spread and arms above her head. J.J. told Respondent the woman looked to be in her 50s or 60s. Respondent laughed and indicated the woman looked like his ex. J.J. left Respondent's office and returned to her desk. Respondent called J.J.'s name and told her, "I just want you to know I'm not a pervert." J.J. told Respondent she did not want to talk about it anymore, and Respondent ended the conversation. After her shift, J.J. informed her supervisor of what occurred. The supervisor reported the incident to two other judges, including the Chief Magistrate (Complainant). J.J. gave Complainant a written statement, and Complainant filed that statement with ODC on October 18, 2024.

Respondent admits showing J.J. the photos but denies he was attempting to insinuate, in any way, an attraction to J.J. Respondent acknowledges his conduct was inappropriate and resigned from his position.

## II.

Respondent admits that his conduct violated the following provisions of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (requiring a judge to uphold the integrity of the judiciary); Canon 1A (requiring a judge to maintain and personally observe high standards of conduct); Canon 2A (requiring a judge to act at all times in a manner that promotes public confidence in the integrity of the judiciary).

Respondent further admits his misconduct is a ground for discipline under Rule 7(a)(1), RJDE, Rule 502, SCACR (providing a violation of the Code of Judicial Conduct is a ground for discipline). As a condition of discipline, Respondent agrees not to seek or accept judicial office in South Carolina in the future.

## III.

Because Respondent is no longer a judge and because he has agreed not to hereafter seek or accept another judicial position in South Carolina in the future, we accept the Agreement and issue a public reprimand. This is the strongest punishment we can give Respondent, given the fact that he has already resigned his duties as a judge. *See In re Gravely*, 321 S.C. 235, 467 S.E.2d 924 (1996) ("A public reprimand is the most severe sanction that can be imposed when the

respondent no longer holds judicial office.")  Accordingly, Respondent is hereby publicly reprimanded for his misconduct.  Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Judicial Conduct.

**PUBLIC REPRIMAND.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**